IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, | ) ) ) | CIVIL ACTION |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. |
| PHILADELPHIA CITY COMMISSIONERS, | ) ) ) | JURY TRIAL DEMANDED |
| *Defendants.* | ) ) | |
| **Serve:** Voter Registration 520 N. Columbus Blvd. - 5ᵗʰ Floor Philadelphia, PA 19123 | ) ) ) ) ) | |

## COMPLAINT

Plaintiff, by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), specifically 52 U.S.C. § 20507(i).

1.      Plaintiff seeks declaratory and injunctive relief to compel Defendants' compliance with Section 8 of the NVRA, specifically 52 U.S.C. §20507(i). Specifically, Defendants have violated Section 8 by failing to respond whatsoever to a request by Plaintiff to inspect election records Defendants are required to maintain pursuant to 52 U.S.C. § 20507(i). Plaintiff thus seeks a declaration and an injunction requiring Defendants to permit Plaintiff to publicly inspect and examine all voter registration and election records as described in this Complaint.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

3.      Venue in this Court is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Pennsylvania.

## PARTIES

4.      Plaintiff American Civil Rights Union, Inc., ("ACRU") is a non-profit corporation, incorporated in the District of Columbia, with its principal place of business at 3213 Duke St., #625, Alexandria, VA 22314. The ACRU promotes election integrity, compliance with federal election laws, government transparency and constitutional government. Plaintiff ACRU brings this action in its individual and corporate capacities and also on behalf of its members and supporters who are registered to vote in the Commonwealth of Pennsylvania, under 52 U.S.C. §20510(b), which creates a private right of action for enforcement.

5.      The Defendants, the Philadelphia City Commissioners are the public entity empowered to register voters, oversee election records and supervise list maintenance activities authorized by 25 Pa. Code §1203. The Philadelphia City

2

Commissioners' offices are located at Philadelphia City Hall, Rooms 130, 132, and 134, Philadelphia, Pennsylvania 19107.

## FACTUAL BACKGROUND

6.      On January 26, 2016, Plaintiff sent by certified mail through the United States Postal Service notice pursuant to 52 U.S.C. § 20510(b)(1) (hereinafter "the Notice").  The notice said:  "Based on our comparison of publicly available information published by the U.S. Census Bureau and the Federal Election Assistance Commission, your county is failing to comply with Section 8 of the National Voter Registration Act (NVRA). Federal law requires election officials to conduct a reasonable effort to maintain voter registration lists free of dead voters, ineligible voters and voters who have moved away; 52 U.S.C. §§ 20503 and 20507. **In short, your county has nearly more registrants than eligible citizens living in the county and may not be conducting reasonable list maintenance to ensure noncitizens are not improperly registering to vote.**" (emphasis added). A true and correct copy of the Notice is attached hereto and incorporated herein as Exhibit "A." A true and correct copy of the certified mail receipt is attached as Exhibit "B."  A true and correct copy of Proof of Delivery is attached as Exhibit "C."

7.      The Notice also contained an informational request in accordance with 52 U.S.C. § 20507(i).  Under 52 U.S.C. § 20507(i), the Defendants "shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities

3

conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." The Notice specifically cited this statute and sought inspection or copies of particular list maintenance records.

8.      The Notice requested specific records that would enable Plaintiff to ascertain why Defendants have implausible percentages of active registrants as compared to age-eligible United States citizens who live in Philadelphia. To wit, Plaintiff's Notice sought the following records and information from the Defendants:

"(a) updated registration data since the publication of the 2014 EAC report;

(b) records your office obtained or received from the Philadelphia Circuit Court Clerk, United States District Court clerks or other sources regarding individuals who were ineligible to serve on juries because of a lack of American citizenship, death or relocation out of the jurisdiction, including but not limited to records concerning juror qualification questionnaires—whether completed via the Internet or returned through the mail—on which the individual that completed the questionnaire indicated that he or she is not a United States citizen, please include subsequent list maintenance records produced pursuant to inquiries based on this information;

(c) the number of ineligible voters purged by category (e.g., dead, duplicate, ineligible) and by date;

(d) the source agency that provided the identifying information of the purged deceased and when the data was provided;

(e)  the number of notices sent to inactive voters since the publication of the 2014 EAC Report including the date, scope and contents of any countywide mailing to all registered voters;

4

(f) the names of the staff in your office responsible for conducting list maintenance obligations who may appear on list maintenance records or who alter list maintenance records in furtherance of the duties of the office;

(g) the number of ineligible voters removed for criminal conviction, if applicable, and the date of the most recent dataset containing criminal convictions against which you compared voter lists, including communications with other agencies regarding criminal convictions;

(h) the total number of voters registered in your county as of the date of your response;

(i) any records indicating the use of citizenship or immigration status for list maintenance activities, including but not limited to the Systematic Alien Verification for Entitlements (SAVE) Program database. Any other records produced in reliance on other sources of citizenship verification data;

(j) all list maintenance records including federal voter registration forms containing citizenship eligibility questionnaires for the last 22 months."

9.      The Defendants never responded to Plaintiff's Notice, nor did they provide any of the requested records or make them available for public inspection.

10.     The Notice also informed Defendants that a lawsuit may be brought against them to ensure compliance with the requirements of federal voter registration laws.  It further stated "For any lawsuits initiated by a private party, an award of attorney's fees, expenses and costs incurred are available under 52 U.S.C. §20510(c)."

5

## COUNT I

### Failure to Produce Records and Data in Violation of the NVRA

11.     Plaintiff incorporates paragraphs 1 through 10 as though fully set forth at length herein.

12.     Defendants have not responded to Plaintiff's requests to inspect records and data, or obtain records and data.

13.     The violation was not corrected within twenty (20) days of delivery of Plaintiff's Notice, giving Plaintiff a private right of action under 52 U.S.C. 20510 (b)(2) for a declaratory judgment to remedy Defendants' violation of Section 8 of the NVRA, specifically 52 U.S.C. § 20507(i).

14.     Plaintiff has suffered an irreparable informational injury as a direct result of Defendants' violation of Section 8 of the NVRA because the Plaintiff does not have the data and records requested. The NVRA confers upon Plaintiff an individual right to information, and Defendants caused a concrete injury to Plaintiff by denying access to such information. See also, Project Vote v. Long, 682 F.3d 331, 334-335 (4th Cir. Va. 2012) (The NVRA requires local election officials to provide voter registration data to the public).

15.     Plaintiff will continue to be injured by Defendants' violations of Section 8 of the NVRA unless and until Defendants are enjoined from continuing to violate the law.

16.     Plaintiff has no adequate remedy at law.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment:

A.      Declaring that Defendants are in violation of Section 8 of the NVRA;

B.      Ordering Defendants to provide the records requested;

C.      Ordering Defendants to permit public inspection of the records

requested;

D.      Ordering the Defendants to pay Plaintiff's reasonable attorney's fees,

including litigation expenses and costs, pursuant to 52 U.S.C. §20510(c); and

E.      Granting Plaintiff further relief that this Court deems just and proper.

                              Respectfully submitted,

For the Plaintiff:
American Civil Rights Union                         April 4, 2016

                              LAW OFFICES OF LINDA A. KERNS, LLC
                              Linda A. Kerns, Esquire
                              1420 Locust Street – Suite 200
                              Philadelphia, PA 19102
                              PA Atty ID 84495
                              PHONE (215) 731-1400
                              FAX     (215) 701-4154
                              EMAIL   linda@lindakernslaw.com


                              J. Christian Adams, Esquire
                              PUBLIC INTEREST LEGAL
                              FOUNDATION
                              209 W. Main Street
                              Plainfield, IN 46168
                              (317) 203-5599
                              Email: adams@publicinterestlegal.org
                              **Pro Hac Vice application to be filed**

7

# EXHIBIT "A"

The
# American
# Civil
# Rights
# Union

*"Protecting the civil rights of all Americans."*
www.theacru.org

**Founder**

Hon. Robert B. Carleson
(1931-2006)

**Policy Board**

Hon. Edwin Meese III

Hon. William Bradford Reynolds

Amb. Curtin Winsor, Jr.

Dr. Walter E. Williams

Hon. Charles J. Cooper

Hon. J. Kenneth Blackwell

J. Christian Adams

Hans von Spakovsky

Christopher Coates

**Members Emeritus**

Hon. Linda L. Chavez

Hon. Kenneth Y. Tomlinson

Judge Robert H. Bork

Dean Kenneth W. Starr

Dean J. Clayburn LaForce, Jr.

Dr. James Q. Wilson

**Board of Directors**

Susan A. Carleson
Chairman

Hon. Edwin Meese III

Wendy Borcherdt LeRoy

Morton C. Blackwell

David A. Leedom

Susan A. Carleson
President

Christopher Coates
General Counsel

January 26, 2016

VIA CERTIFIED MAIL

Philadelphia City Commissioners Office
Voter Registration
520 N. Columbus Blvd., 5th Floor
Philadelphia, PA 19123

Dear Sir or Madam:

I am writing on behalf of the American Civil Rights Union to notify you that your county is in apparent violation of Section 8 of the National Voter Registration Act based on our research.

The ACRU is a nonpartisan, nonprofit organization dedicated to protecting the constitutional rights of all Americans, foremost among them the right of self-governance and the integrity of our election process. We are committed to preventing vote fraud by ensuring accurate voter registration rolls.

Voter rolls across America contain substantial numbers of ineligible voters, resulting in the possible disenfranchisement of legally eligible voters via ballot dilution that threatens to taint the integrity of the electoral process.

Based on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election Assistance Commission, your county is failing to comply with Section 8 of the National Voter Registration Act (NVRA). Federal law requires election officials to conduct a reasonable effort to maintain voter registration lists free of dead voters, ineligible voters and voters who have moved away; 52 U.S.C. §§ 20503 and 20507.

In short, your county has nearly more registrants than eligible citizens living in the county and may not be conducting reasonable list maintenance to ensure non-citizens are not improperly registering to vote.

The Attorney General of the United States may enforce the list maintenance requirements of Section 8 of NVRA to ensure that ineligible voters are not participating in the political process, but she has failed to do so. Public Interest Legal Foundation has therefore taken on the task of notifying you of your county's violation.

3213 Duke Street, #625   Alexandria, VA 22314   Phone: 877.730.ACRU (2278)   Fax: 703.566.2322   E-mail: info@theacru.org

2

This letter serves as the statutory notice to your county, required by 52 U.S.C. § 20510(b) prior to the commencement of any lawsuit in order to enforce provisions of Section 8 of the NVRA, 52 U.S.C. § 20507.

It is our hope that your county will work quickly towards full compliance with 52 U.S.C. § 20507. If not, according to the federal statute, a lawsuit under the NVRA may be filed twenty (20) days after the receipt of this notice by a private party since the NVRA contains a private right of action to enforce the provisions of the statute. For any lawsuits initiated by a private party, an award of attorney's fees, expenses and costs incurred are available under 52 U.S.C. §20510(c).

If you believe the information reported by the Election Assistance Commission for 2014 ("2014 EAC Report") or to the Secretary of State currently is inaccurate, please state the basis for that belief. In particular, if the publicly available information cited above is no longer accurate, it would be helpful if you could provide:

(a) updated registration data since the publication of the 2014 EAC report;

(b) records your office obtained or received from the Pennsylvania Circuit Court Clerk, United States District Court clerks or other sources regarding individuals who were ineligible to serve on juries because of a lack of American citizenship, death or relocation out of the jurisdiction, including but not limited to records concerning juror qualification questionnaires—whether completed via the Internet or returned through the mail—on which the individual that completed the questionnaire indicated that he or she is not a United States citizen, please include subsequent list maintenance records produced pursuant to inquiries based on this information;

(c) the number of ineligible voters purged by category (e.g., dead, duplicate, ineligible) and by date;

(d) the source agency that provided the identifying information of the purged deceased and when the data was provided;

(e) the number of notices sent to inactive voters since the publication of the 2014 EAC Report including the date, scope and contents of any countywide mailing to all registered voters;

(f) the names of the staff in your office responsible for conducting list maintenance obligations who may appear on list maintenance records or who alter list maintenance records in furtherance of the duties of the office;

(g) the number of ineligible voters removed for criminal conviction, if applicable, and the date of the most recent dataset containing criminal convictions against which you compared voter lists, including communications with other agencies regarding criminal convictions;

3

(h) the total number of voters registered in your county as of the date of your response;

(i) any records indicating the use of citizenship or immigration status for list maintenance activities, including but not limited to the Systematic Alien Verification for Entitlements (SAVE) Program database. Any other records produced in reliance on other sources of citizenship verification data;

(j) all list maintenance records including federal voter registration forms containing citizenship eligibility questionnaires for the last 22 months;

Section 8 also requires your county office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i); See also, *Project Vote v. Long,* 682 F.3d 331, 334-335 (4th Cir. Va. 2012) (The NVRA requires local election officials to provide voter registration data to the public).

We would like to discuss with your office how to implement a remedial plan which could cure what appears to be a violation of Section 8 of the NVRA. We also request the opportunity to inspect the list maintenance documents outlined above.

Since steps necessary to ensure that only eligible voters are on the rolls will not involve significant effort or cost, we believe it is reasonable to expect your county's voter roll violations to be resolved before voting begins in the November 2016 elections.

Thank you for your time and attention to this matter. Please feel free to call to arrange a convenient time to discuss and arrange an inspection by contacting me at the below address or email.

Sincerely,


Susan A. Carleson
President
American Civil Rights Union
susan.carleson@theacru.org

CC: Pedro A. Cortes
Secretary of the Commonwealth
210 North Office Building
401 North Street
Harrisburg, PA 17120

EXHIBIT "B"



# EXHIBIT "C"

USPS.com® - USPS Tracking®

English      Customer Service      USPS Mobile                         Register / Sign In



# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number: 70122920000147326301**

## Product & Tracking Information

| Postal Product: | Features: | |
|---|---|---|
| First-Class Mail® | Certified Mail™ | Return Receipt |

**See tracking for related item:** 9590952106150228442901

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 1, 2016 , 4:37 pm** | **Delivered, In/At Mailbox** | **PHILADELPHIA, PA 19123** |

Your item was delivered in or at the mailbox at 4:37 pm on February 1, 2016 in PHILADELPHIA, PA 19123.

| | | |
|---|---|---|
| January 30, 2016 , 2:05 am | Departed USPS Destination Facility | PHILADELPHIA, PA 19176 |
| January 29, 2016 , 1:59 pm | Arrived at USPS Destination Facility | PHILADELPHIA, PA 19176 |
| January 27, 2016 , 9:17 pm | Departed USPS Origin Facility | MERRIFIELD, VA 22081 |
| January 27, 2016 , 8:41 pm | Arrived at USPS Origin Facility | MERRIFIELD, VA 22081 |
| January 27, 2016 , 6:05 pm | Departed Post Office | ALEXANDRIA, VA 22304 |
| January 27, 2016 , 3:47 pm | Acceptance | ALEXANDRIA, VA 22304 |

## Available Actions

## Track Another Package

Tracking (or receipt) number

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



HELPFUL LINKS

Contact Us
Site Index
FAQs

ON ABOUT.USPS.COM

About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES

Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION

Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

Search or Enter a Tracking Number