IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN CIVIL RIGHTS UNION** : : **Plaintiff,** : : v. : : **PHILADELPHIA CITY COMMISSIONERS** : **Defendant.** : | Civil Action No. 16-01507 |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of Defendant, City of Philadelphia's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED**.  Plaintiff's claims are **DISMISSED with prejudice.**

BY THE COURT:

_____
The Honorable C. Darnell Jones, II

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 16-01507 |
| : | |
| PHILADELPHIA CITY COMMISSIONERS : | |
| Defendant. : | |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6), and 12(b)(7)**

Defendant, City of Philadelphia (hereinafter "Defendant"), by and through its undersigned counsel, hereby files this Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7).

Pursuant to Local Rule 7.1(c) Defendant hereby incorporates by reference the attached Memorandum of Law as though fully set forth at length.

Respectfully submitted,

Date: April 28, 2016

/s/ Kristin K. Bray
Kristin Kathryn Bray
Senior Attorney
Pa. Attorney ID No. 200737
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5408
kristin.bray@phila.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION | : |
| Plaintiff, | : |
| v. | : Civil Action<br>: No. 16-01507 |
| PHILADELPHIA CITY COMMISSIONERS | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6), and 12(b)(7)**

Defendant, City of Philadelphia, by and through its undersigned counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), and Failure to Join a Party pursuant to Fed. R. Civ. P. 12(b)(7).

**I.    Facts and Procedural History.**

Plaintiff, the American Civil Rights Union, ("Plaintiff") states that it is a non-profit corporation from the District of Columbia that "promotes election integrity, compliance with federal election laws, government transparency and constitutional government."  Complaint ¶ 4. On February 1, 2016, the Defendant, the Philadelphia City Commissioners ("City"), received a letter from the Plaintiff that stated that the Plaintiff wanted to "notify" the City of an "*apparent*" but not actual violation of the National Voter Registration Act ("NVRA").  Complaint, Exhibit A at 1 (emphasis added).  In that same letter, Plaintiff confirmed that it was not informing the City of any actual violation of the NVRA but rather was notifying the City of what "*appear[ed] to be* a violation," of the NVRA.  Complaint, Exhibit A at 3 (emphasis added).

3

Plaintiff's letter also stated that Plaintiff had reviewed unspecified "publicly available" information it had obtained from the Federal Election Assistance Commission and the U.S. Census Bureau. Complaint, Exhibit A at 1 and 2. Plaintiff did not provide the City with any of the information it had allegedly reviewed nor did Plaintiff provide a citation by which the City could obtain and review the information to which Plaintiff was referring.[1] Complaint, Exhibit A. Nevertheless, Plaintiff then went to state that if the City believed that "the [unspecified] publicly available information cited above is no longer accurate it would be helpful if [the City] *could* provide" ten categories of information. Complaint, Exhibit A at 2-3 (emphasis added). Plaintiff also "request[ed] the opportunity to inspect the list maintenance documents outlined" in the letter. Complaint, Exhibit A at 3.

Plaintiff's letter further stated that it "serve[d] as the statutory notice to your county, required by 52 U.S.C. § 20510(b) prior to the commencement of any lawsuit in order to enforce provisions of Section 8 of the NVRA, 52 U.S.C. § 20507." Complaint, Exhibit A at 2.

Finally, Plaintiff's letter stated that the Defendant should "call [the Plaintiff] to arrange a convenient time to discuss and arrange an inspection by contacting [the Plaintiff] at the below address or email." Complaint, Exhibit A at 3.

Plaintiff's letter to Philadelphia County, which copied the Pennsylvania Department of State, was not the only letter that Plaintiff distributed in Pennsylvania. In fact, Plaintiff and/or its legal representative the Public Interest Legal Foundation ("PILF") sent identical letters to five

---

[1] In its letter, the Plaintiff labels "information reported by the Election Assistance Commission for 2014" the "2014 EAC Report." Despite this nomenclature, the City does not believe that Plaintiff is referring to an actual report published by the Federal Election Assistance Commission but rather a compilation of data in Plaintiff's possession. Further, the City searched for a report by such a name on the Federal Election Assistance Commission's website but was unable to find any such document.

other Pennsylvania counties. On April 12, 2016, Pedro A. Cortés, Secretary of State for the Pennsylvania Department of State, responded to the letters sent by the Plaintiff and PILF on behalf of Philadelphia and the five other affected Pennsylvania counties.[2] A true and correct copy of the April 12, 2016 response to the Plaintiff and PILF is attached hereto as Exhibit 1 ("Department of State letter").

The Department of State's letter explained to Plaintiff that the Department of State "collaborates with the 67 county voter registration commissions in Pennsylvania to administer voter registration." Exhibit 1 at 4. The Department of State letter also provided the Plaintiff with detailed information regarding how Pennsylvania voting list maintenance procedures are conducted statewide. Exhibit 1 at 4-5. Those statewide voting list maintenance procedures include Pennsylvania's joining the Electronic Information Registration Center ("ERIC"), to which all of Pennsylvania's counties will have access. Exhibit 1 at 5. Moreover, the Department of State's letter addressed the Plaintiff's concerns regarding non-citizens potentially being on the voter rolls, delineating the safeguards the Commonwealth takes. Exhibit 1 at 5-6.

In addition to addressing the allegations in the Plaintiff's letters to the Pennsylvania counties, the Department of State also included responses to the putative record request in Plaintiff's letter. Exhibit 1 at 3. Specifically, "[i]n an effort to reduce the burden on individual counties, the Department of State," provided responsive records, to the extent they existed, to the Plaintiff's request on behalf of the affected counties. Exhibit 1 at 3.

---

[2] For reasons unknown to the Defendant, Plaintiff was the signatory on the letter to Philadelphia County while Plaintiff's legal representative, PILF, was the signatory on the identical letters submitted to the five other affected Pennsylvania Counties. Exhibit 1 at 3. Although the Department of State believed that Plaintiff had received a copy of its response through Plaintiff's legal representative, PILF, on April 14, 2016, the Department of State sent an e-mail to the Plaintiff forwarding a copy of the letter earlier sent to PILF. Exhibit 1 at 1-2.

Subsequently, on April 18, 2016, the City responded to the Plaintiff.[3]  A true and correct copy of the City's response is attached hereto as Exhibit 2.  In the City's April 18, 2016 letter, the City responded to the portions of Plaintiff's letter that appeared to request records, indicating where the City's records were duplicative of those already provided by the Department of State or otherwise describing if the requested records existed.[4]  Exhibit 2 at 1-2.  Additionally, the City provided a sample of a postcard that was mailed by the City to every registered voter in the county.  Exhibit 2 at 2 and Exhibit B.  Finally, the City indicated that if the Plaintiffs were seeking to review the requested records in person, the Plaintiff could do so by calling Deputy Commissioner Voigt to make an appointment.  Exhibit 2 at 2.

On April 4, 2016, Plaintiff, the American Civil Rights Union ("ACRU") filed suit against the Defendant, Philadelphia City Commissioners ("City") seeking "a declaration and injunction requiring [the City] to permit [the ACRU] to publicly inspect and examine all voter registration and election records."[5]  Complaint ¶ 1 and ¶¶ 12-16 (seeking the production of records).  Plaintiff seeks no other relief in the instant lawsuit aside from being able to review Philadelphia County's voting records.

To date, despite the City's invitation to do so, Plaintiff has not called Deputy Commissioner Voigt or anyone else in the City to make an appointment to review the City's records in person.  Exhibit 3, which is an affidavit of Philadelphia City Commissioners, Deputy Commissioner, Frederick L. Voigt, at 2-3.  At no point has the Plaintiff actually attempted to

---

[3] Upon information and belief, Plaintiff has not received a separate response from any of the other Pennsylvania counties, to whom it sent letters identical to the one sent to Philadelphia.
[4] The City declined to provide the names of its staff because it is the City's position that the NVRA does not require such information to be disclosed.  Exhibit 2 at 2.  *Compare* 52 U.S.C. § 20507(i)(1) (requiring disclosure of list maintenance activities, not names of personnel).
[5] Upon information and belief, Plaintiff has not brought suit against the Commonwealth or any of the five other counties to which it sent letters.

review the City's records in person. *Id*. At no time has the Plaintiff been denied access to review any records in Philadelphia's possession.[6] *Id.*

## II.     The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).

Every single one of Plaintiff's claims in the instant suit should be dismissed for a lack of subject matter jurisdiction because there is no live case or controversy between the parties. A challenge to the ripeness of an action is properly brought in the form of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[7] *Save Ardmore Coalition v. Lower Merion Twp.*, 419 F.Supp.2d 663, 669 (E.D. Pa. 2005). It is well-settled that the burden of establishing the federal court's jurisdiction always lies with the plaintiff. *Save Ardmore Coalition*, 419 F.Supp.2d at 669. It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary,* 501 U.S. 312, 316 (1991).

"Ripeness is a justiciability doctrine intended to prevent a court from entangling itself in abstract disagreements by avoiding premature adjudication." *Save Ardmore Coalition*, 419 F.Supp.2d at 670. "The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (internal citations omitted). In considering whether a claim is ripe, the Courts look at both whether the facts of the case are "sufficiently developed to provide the court with enough information on which to decide the matter

---

[6] As discussed in this motion, in so responding, the City does not concede that it is covered by the NVRA.

[7] When assessing a defendant's claim, in a motion to dismiss, that a case is not ripe, a court may look at and rely upon evidence outside of the pleadings, such as affidavits and other documents. *Save Ardmore Coalition*, 419 F.Supp.2d at 669 (citing *Mortensen v. First Federal Saving & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

conclusively;" and, whether "a party [is] genuinely aggrieved so as to avoid expenditure of judicial resources on matters which have caused harm to no one." *Id*. at 433-34.  Ripeness requires a "'real, substantial controversy between parties' involving a 'dispute definite and concrete.'"  *Id*. at 434 (quoting *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 298 (1979) (citation omitted)).

In the instant matter, there is simply not a ripe dispute or any live controversy between the parties.  The City has never denied the Plaintiff access to the records covered by the NVRA.  In fact, the City has invited the Plaintiff to make an appointment to come review any and all public records Plaintiff wishes to review.  Plaintiff's self-created harm of not scheduling an appointment with the City does not work to confer jurisdiction in this Court.  If Plaintiff would set an appointment with the City, it could review the City's records and cure the very harm that it prematurely complains about to this Court.  Having failed to actually attempt to review the records, the Plaintiff cannot maintain the instant lawsuit.

Furthermore, Plaintiff's letter is, at best, ambiguous as to whether it was actually requesting records from the City or, instead, acting as a position or advocacy paper.  Plaintiff uses very careful language in its letter, only stating that it would be "helpful" if the City "could provide" records but does not plainly and directly request those documents.  Complaint Exhibit A, at 2.  Moreover, Plaintiff indicated that it only wanted the City's records if the City 'believed' certain, undisclosed information in the Plaintiff's possession was "no longer accurate."  Complaint Exhibit A, at 2.  Plaintiff did not tell the City that it was requesting the information in any and all circumstances.  Complaint Exhibit A, at 2.

Additionally, prior to instituting this lawsuit, Plaintiff never followed-up with the City regarding its "request" to inspect the City's records.  *See* Exhibit 3 at 2.  In fact, to date, Plaintiff

8

has not taken *any* steps, despite the April 18, 2016 invitation from the City, to actually review the City's records. Exhibit 3 at 2-3. It is wholly unreasonable for Plaintiff, which has never availed itself of the remedies available to it – such as setting an appointment to review the City's records – to bring suit in this Court and complain of a harm that it is suffering because its own failures.

Plaintiff may argue that this Court has jurisdiction because at the time Plaintiff filed suit, the City had not yet replied to the January 26, 2016 letter. While it is true the suit was filed prior to the City's April 18, 2016 response, the timing of the suit does nothing to save Plaintiff's case from its jurisdictional defects. Article III of the United States Constitution requires that the federal courts adjudicate "'actual, on going cases or controversies.'" *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2011) (quoting *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001)). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 689-99 (3d Cir. 1996). It is well-settled in the Third Circuit that when a defendant voluntarily agrees to provide all the prospective injunctive relief sought by a plaintiff, then the Plaintiff's claims must be dismissed as moot. *Johnson v. Horn*, 150 F.3d 276, 287 (3d Cir. 1998).

Plaintiff's claims in the instant suit are moot for two reasons. First, the Plaintiff has been provided with the records and information it seeks in its suit by the Commonwealth and the City. Exhibits 1 and 2. Second, as indicated in the City's April 18, 2016 letter and the Affidavit of Deputy Commissioner Voigt, the City has voluntarily offered to provide the Plaintiff with the relief it is seeking from this Court: access to the City's voting records. Exhibits 2 and 3. Plaintiff has been provided with the exact relief that it seeks in its complaint, making its claims

9

wholly moot. There is no claim for relief in the Complaint that still needs resolution from this Court.

Accordingly, because there is no live dispute between the parties, this Court should dismiss the Plaintiff's complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### III. The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Failure to Join a Necessary Party Pursuant to Fed. R. Civ. P. 12(b)(7).

The complaint should likewise be dismissed because the NVRA only obligates the Commonwealth, not the City, to make records available for public inspection. The applicable standard for a Rule 12(b)(6) motion is well-settled. Under this Rule, the Court must dismiss an action on motion made before a responsive pleading is filed, when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The role of the courts in interpreting a statute is to give effect to Congress's intent.... Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." *United States v. Diallo,* 575 F.3d 252, 256 (3d Cir. 2009) (quoting *Rosenberg v. XM Ventures,* 274 F.3d 137, 141 (3d Cir.2001)). *See also Lamie v. United States Tr.,* 540 U.S. 526, 534 (2004) (stating "when the statute's language is plain, the sole function of the courts…is to enforce it according to its terms.")

The NVRA's plain language regarding public disclosure of records states that it is only applicable to the States, such as the Commonwealth of Pennsylvania, and not any other governmental body such as the City. Specifically, Section 20507(i) of the NVRA states that "[e]ach *State* shall maintain for at least 2 years and shall make available for public

10

inspection…all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official list of eligible voters." (emphasis added). State is a defined term under the NVRA meaning "a State of the United States and the District of Columbia." 52 U.S.C. § 20502(4). Section 20510(b)(1) goes on to provide that a person may have a cause of action once they give notice to the "chief election official of the State involved." By the plain, unambiguous language of the NVRA, the City is not a state. In its complaint, the Plaintiff does not explain or otherwise tell this Court why it should be permitted to enforce the NVRA against an entity such as the City as opposed to the Commonwealth. *See also Ashcroft v. Iqball*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and stating that a Complaint must contain something more than "'naked assertion[s]' devoid of 'further factual enhancement.'"). Accordingly, the Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Even assuming *arguendo* that the City could be subject to a suit under the NVRA, such a suit cannot proceed in the absence of the Commonwealth. Under Federal Rule of Civil Procedure 12(b)(7), a suit cannot proceed in the absence of a party required to be joined under Federal Rule of Civil Procedure 19. Under Rule 19(a) a party, who is subject to service of process, must be joined if, in the absence of that party the court cannot afford complete relief amongst the existing parties. If a Plaintiff failed to bring suit against an indispensable party, then the lawsuit must be dismissed. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

As described in the Commonwealth's letter, the City's April 18, 2016 letter, and Deputy Commissioner Voigt's affidavit, it is the Commonwealth of Pennsylvania that maintains voter

registration records – not the City.  No relief can be granted to the Plaintiff in this lawsuit absent the Commonwealth of Pennsylvania also being a party to this suit.  In fact, Plaintiff presumably recognized this very issue as it copied the Commonwealth's Department of State on the letter it sent to the City.  Complaint, Exhibit A at 3.  Thus, assuming *arguendo* that a lawsuit under the NVRA could be brought against the City, because the Plaintiff failed to join the Commonwealth of Pennsylvania, which is a necessary party, the instant lawsuit should be dismissed.

**IV.     Conclusion**

For the reasons discussed herein, it is respectfully requested that Defendant City of Philadelphia's Motion to Dismiss the Complaint for a Lack of Subject Matter Jurisdiction and for Failure to State a Claim be granted.  Plaintiff's claims are not ripe and, to the extent that they ever were ripe, are now moot.  Further, Plaintiff has failed to bring a claim upon which relief may be granted or, in the alternative, has failed to join a necessary party.  Therefore, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), and (b)(7), the claims against the City of Philadelphia should be dismissed with prejudice and the City of Philadelphia should be dismissed as a party from this action.

Respectfully submitted,

Date: <u>April 28, 2016</u>             <u>   /s/ Kristin K. Bray                  </u>
Kristin Kathryn Bray
Senior Attorney
Pa. Attorney ID No. 200737
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-5408
kristin.bray@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN CIVIL RIGHTS UNION** : : **Plaintiff,** : : v. : : **PHILADELPHIA CITY COMMISSIONERS** : **Defendant.** : | **Civil Action No. 16-01507** |

## CERTIFICATE OF SERVICE

I, Kristin K. Bray, attorney for Defendant City of Philadelphia certify that on this date, a true and correct copy of the Defendant City of Philadelphia's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, Memorandum of Law in support thereof, proposed Order, and accompanying Exhibits were filed via the Court's electronic filing system and available for downloading.

Date: <u>April 28, 2016</u>               <u>   /s/ Kristin K. Bray              </u>
                                           Kristin Kathryn Bray
                                           Senior Attorney
                                           Pa. Attorney ID No. 200737
                                           City of Philadelphia Law Department
                                           1515 Arch Street, 17th Floor
                                           Philadelphia, PA 19102
                                           (215) 683-5408
                                           kristin.bray@phila.gov