IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action No. 2:16-cv-01507 |
| PHILADELPHIA CITY COMMISSIONERS, | ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**MEMORANDUM SUPPORTING PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO CONFER UNDER FED. R. CIV. P. 26(F)**

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff American Civil Rights Union ("ACRU"), by and through counsel, files this Motion to Compel Participation in Fed. R. Civ. Proc. 26(f) Conference. In short, despite Rule 26(f)'s express requirement that parties confer and commence discovery "as soon as practicable" after a complaint is filed, and this Court's statement that it's "procedures rely upon the good faith of counsel and diligent compliance with Fed. R. Civ. Proc. 26(f)," Policies and Procedures: General Matters, Civil Cases, and Criminal Cases (Revised March 2, 2016) at 8, Defendants have refused to comply with the obligation to participate in a Rule 26(f) conference. Defendants have made no showing that conferring with ACRU is not "practicable," nor have they sought to formally stay the obligation to participate in a Rule 26 conference with this Court. Instead, Defendants have rejected ACRU's continued attempts to engage in a Rule 26(f) conference, forcing ACRU's hand and expenditures in the form of legal fees in order to seek relief from this Court. ACRU respectfully requests that this Court enter an order directing Defendants to confer with ACRU under Rule 26(f). Alternatively, ACRU requests that this Court schedule an initial pretrial conference.[1]

## FACTUAL BACKGROUND

On January 26, 2016, ACRU sent a letter to Defendants via certified mail stating that, "[b]ased on [ACRU's] comparison of publicly available information published by the U.S. Census Bureau and the Federal Election Assistance Commission, [Philadelphia] is failing to comply with Section 8 of the National Voter Registration Act." (Complaint ¶ 6; *see also* Complaint Exhibit A at 1.) ACRU sent a copy of the letter to the Pennsylvania Secretary of State. (Complaint Exhibit A at 3.)

On April 4, 2016, receiving no response from Defendants for more than three times the statutory waiting period,[2] ACRU filed the present action. (Dkt. 1.) ACRU named as Defendants the Philadelphia City Commissioners because, pursuant to Pennsylvania law, they "are the public entity empowered to register voters, oversee elections records and supervise list maintenance activities." (Complaint ¶ 5.) On April 28, 2016, Defendants filed a Motion to Dismiss ACRU's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(6), and 12(b)(7). (Dkt. 5.) ACRU filed a response in opposition to Defendants' motion to dismiss on May 12, 2016 (Dkt. 9.).

*Requests for Rule 26(f) Conference*

---

[1] Scheduling an initial pretrial conference would have the effect of imposing a date certain for the required Rule 26(f) conference. *See* Policies and Procedures: General Matters, Civil Cases, and Criminal Cases (Revised March 2, 2016) at 8 ("A Rule 26(f) meeting shall take place as soon as possible, and at least ten days prior to the Rule 16 conference.").
[2] Pursuant to 52 U.S.C. § 20510(b), "A person who is aggrieved by a violation of [the NVRA] may provide written notice of the violation," and if, as relevant here, "the violation is not corrected … within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation." (*See also*, Complaint at ¶ 10; Complaint Exhibit A at 2.)

4

ACRU's attempts to schedule a Rule 26(f) conference began more than two months before the filing of this month. Ms. Linda Kerns, counsel for ACRU first reached out to Kristin Bray, counsel for Defendants, on April 21, 2016 requesting her availability for Rule 26 conference. (Exhibit A at 1.) On April 29, 2016, Ms. Bray responded stating "I would suggest that such a conference would be premature in light of the Motion to Dismiss that the Philadelphia City Commissioners filed late yesterday." (Exhibit A at 2.) Counsel for plaintiff responded on May 9, 2016 stating that the rules require that the 26(f) conference be held and again requesting availability. (Exhibit A at 4.)  Ms. Bray did not respond.

On June 2, 2016, Ms. Kerns telephoned Ms. Bray's office and left a voicemail requesting availability for a 26(f) conference.  On June 3, 2016, Ms. Kerns sent Ms. Bray an email following up on her voicemail from the previous day, requesting a 26(f) conference and informing her that, absent cooperation, ACRU intended to file a motion to compel. (Exhibit A at 5.) On June 9, 2016, Ms. Bray responded that although the City "believes that a Rule 26 conference is premature and a waste of the parties' resources in light of the present procedural posture of the litigation, the City would be willing to reconsider its position if you would kindly respond to the below raised issues," and listing a set of open-ended questions regarding the merits of ACRU's complaint.[3] (Exhibit A at 6.)

On June 10, 2016, Ms. Kerns responded and requested an in-person meeting of counsel on June 16. (Exhibit A at 8.) Ms. Bray responded late on June 13, stating that she needed to know ACRU's position on the previous open-ended questions prior to any meet and confer. (Exhibit A at 11.) On the morning of June 14, Ms. Kerns responded, pointing to the ACRU's

---

[3] Discussion of these sorts of matters are precisely the type of issues that a Rule 26 conference is designed to include. *See* Fed. R. Civ. P. 26(f)(2).  The "parties *must* consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1)." *Id.* (emphasis added).

5

articulation of its position in its opposition to Defendants' Motion to Dismiss and, again, stressing the need for a Rule 26(f) conference and offering an available time that week. (Exhibit A at 12.) No response was received.

On June 17, 2016, Ms. Kerns again emailed Ms. Bray seeking her availability for a Rule 26(f) conference, providing Plaintiff's availability, and stating that while "we hope we are able to resolve this disagreement, if we do not hear back from you on your availability by end of the day Monday [June 20], we intend to file the attached Motion to Compel." (Exhibit B at 2.) Attached to that email was a draft of this Motion.[4]

Ms. Bray responded on June 20, reasserting her questions about the merits of ACRU's claims and stating her availability to "meet and confer on whether a Rule 26 conference is appropriate". (Exhibit B at 1). Ms. Kerns responded asking both for a time to discuss the documents in question **and for a time to meet for a 26(f) conference**, explaining that "the Defendants' insistence on avoiding discovery seems to be a purely theoretical dispute…[a]s a Rule 26 conference includes many other things besides discovery – such as discussing possible resolutions to the case (such as providing access to the documents)." (Exhibit B at 3-4.) Ms. Bray responded with specific times that Defendants were available, (Exhibit B at 3), and the parties settled on June 30, 2016.

Counsel for ACRU accompanied an ACRU representative to Defendants' offices on June 30, 2016. The June 30, 2016 meeting did not result in the fulfillment of ACRU's document request but, rather, resulted in a representative for the Defendants requesting that the ACRU put its document request in writing, which it has done. Also on June 30, 2016, Ms. Kerns emailed

---

[4] The draft was substantially similar to the as-filed version here. The key differences are the updates to the factual background to account for events that occurred in recent weeks.

Ms. Bray asking for a Rule 26(f) conference the following week. (Exhibit B at 7.) As of the filing of this motion, there has been no response. No Rule 26(f) conference has occurred.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(f)(1),

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties *must confer as soon as practicable* — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1) (emphasis added). "To assure that the … commencement of discovery is not delayed unduly, the rule provides that the meeting of the parties take place as soon as practicable." Notes of Advisory Committee on Rules – 1993 Amendment. "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference." Fed. R. Civ. P. 26(f)(2).

The urgency of the conference of the parties is confirmed by this Court's guidelines. *See* Policies and Procedures: General Matters, Civil Cases, and Criminal Cases (Revised March 2, 2016) at 8 ("The Court's procedures rely upon the good faith of counsel and diligent compliance with Fed. R. Civ. Proc. 26(f). A Rule 26(f) meeting shall take place as soon as possible, and at least ten days prior to the Rule 16 conference.")

In the email correspondence between counsel, counsel for Defendants have relied upon the filing of their Motion to Dismiss as grounds for refusing to meet as required by Rule 26(f). (Exhibit A at 2 ("such a conference would be premature in light of the Motion to Dismiss") and Exhibit A at 6 ("it would be wholly unreasonable and unfair to subject the City and all of its taxpayers to a costly and time-consuming discovery process when, as it appears to the City, your

7

client has received all of the relief it requested in its lawsuit."). Such a position is not supported by the federal rules.

Not only do the federal rules not provide for postponing a Rule 26(f) conference in light of a Motion to Dismiss, the notes by the Advisory Committee specifically state that "[t]he obligation to participate in the planning process is imposed on all parties that have appeared in the case, *including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.*" Notes of Advisory Committee on Rules – 1993 Amendment (emphasis added.)

As other courts have found, "[f]iling a Rule 12(b)(6) motion to dismiss does not … require postponing a Rule 26(f) conference until the motion is resolved." *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 U.S. Dist. LEXIS 66824, at *5 (N.D. Tex. May 15, 2014); *see also ING Bank, fsb v. Fazah*, No. S-09-1174 WBS EFB PS, 2009 U.S. Dist. LEXIS 106682, at *10 (E.D. Cal. Nov. 13, 2009) (finding that pending motion to dismiss does not remove the obligation to participate in Rule 26(f) conference and granting motion to compel such participation.)

Defendants have failed to explain how cooperating in a Rule 26(f) conference with ACRU would be costly or time-consuming. Indeed, the rules of civil procedure as a whole were intended to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. By refusing to confer, Defendants have not provided ACRU an opportunity to discuss "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case" and a timeline for such. Fed. R. Civ. P. 26(f)(2). Conferring with ACRU about obligations contained within Rule 26(f), such as the claims and defenses in the case, the possibility of a prompt settlement, disclosures, preservation, privilege claims, discovery plans

and timing and calendar issues, would not subject Defendants to any harm or discernable expense.

But Defendants are subjecting ACRU to an expensive and time-consuming process merely to initiate discussions in compliance with federal rules. As it stated in its Complaint, ACRU is a nonprofit organization that "promotes election integrity, compliance with federal election laws, government transparency and constitutional government." Complaint, ¶ 4. ACRU initiated this lawsuit because of the delay Defendants already caused it and its members, ignoring the obligations of to meet and confer under Rule 26 has only compounded that delay.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an order directing Defendants to confer with Plaintiff as required by Federal Rule of Civil Procedure 26(f). Alternatively, Plaintiff request that the Court schedule an initial pretrial conference.

Respectfully submitted,

For the Plaintiff ACRU:
Dated: July  11 , 2016

J. Christian Adams*
Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
kphillips@publicinterestlegal.org
*Admitted Pro Hac Vice

LAW OFFICES OF LINDA A. KERNS, LLC
Linda A. Kerns, Esquire
1420 Locust Street –Suite 200
Philadelphia, PA  19102
PA Atty ID 84495
Tel:  (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June ___, 2016, I caused the foregoing to be filed with the United States District Court for the Eastern District of Pennsylvania via the Court's CM/ECF system, which will serve all registered users.

Dated: July 11, 2016

LAW OFFICES OF LINDA A. KERNS, LLC
Linda A. Kerns, Esquire
1420 Locust Street –Suite 200
Philadelphia, PA  19102
PA Atty ID 84495
Tel:  (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

10