IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-1507 |
| | : | |
| PHILADELPHIA CITY COMMISSIONERS, | : | |
|     Defendant. | : | |

## ORDER

AND NOW, this 21st day of July, 2016, upon consideration of Defendant Philadelphia City Commissioner's Motion to Dismiss, (Dkt No. 5), Plaintiff American Civil Rights Union's Response in Opposition, (Dkt No. 9), Plaintiff's Motion to Compel, (Dkt No. 12), and Plaintiff's First Motion to Amend/Correct Complaint, (Dkt No. 13), it is hereby ORDERED as follows:

1) Plaintiff's First Motion to Amend/Correct Complaint, (Dkt No. 13), is GRANTED;

2) Defendant shall file a responsive pleading in accordance with the time provided by Fed. R. Civ. P. 12(a)(1), as extended by Fed. R. Civ. P. 6(d).

3) Defendant's Motion to Dismiss, (Dkt. No. 5), is DENIED AS MOOT;

4) Plaintiff's Motion to Compel, (Dkt No. 12), is DENIED AS MOOT;

FURTHER, upon consideration of Plaintiff's First Motion for Preliminary Injunction (Dkt No. 14), Plaintiff is hereby ORDERED to SHOW CAUSE as to why Plaintiff's Motion should not be STRICKEN and why SANCTIONS should not issue within fourteen (14) days of this Order, no later than August 4, 2016.[1]

---

[1] Plaintiff filed a Motion for Preliminary Injunction, (Dkt No. 14 [hereinafter "PI"]) seeking "to enjoin Defendants from violating Section 8 of the NVRA by failing to remove ineligible felon registrants from the Philadelphia County's voter registration rolls." (PI at 4.) Plaintiff states that it is likely to succeed on the merits because "[t]he NVRA requires Defendants to make a 'reasonable effort to remove the names of ineligible registrants from the official lists of eligible voters,' including voters ineligible by virtue of felony conviction." (PI at 6 (citing 52 U.S.C. § 20507(a)(4).) This is an incorrect recitation of the statute cited by

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II        J.

---

Plaintiff. Section 20507(a)(4) does require reasonable efforts to remove the names of ineligible voters, but only those who become ineligible "by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)." Nothing in the plain language of Section 20507(a)(4) or subsections (b), (c), or (d) requires the removal of "voters ineligible by virtue of felony conviction" from voter registration lists as represented by Plaintiff. Therefore, Plaintiff's position is unsupported by the plain language of the statute. Furthermore, Plaintiff fails to support this characterization of the statute with a single case citation interpreting Section 20507(a)(4) as a statute that obligates Defendant to remove the names of "voters ineligible by virtue of felony conviction."

     Pennsylvania Rule of Professional Conduct 3.3 governs Candor Toward the Tribunal and prohibits a lawyer from knowingly making "a false statement of material fact or law to a tribunal[.]" Failure to comply with the Pennsylvania Rules of Professional Conduct, as adopted by this Court pursuant to Local Rule 83.6, may result in the impertinent pleading being stricken pursuant to Fed. R. Civ. P. 12(f)(1) and/or sanctions being issued pursuant to Local Rule 83.6 and Fed. R. Civ. P. 11(b)(2).