IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-1507 |
| | : | |
| PHILADELPHIA CITY COMMISSIONERS, | : | |
| Defendant. | : | |

# **ORDER**

AND NOW, this 5th day of August, 2016, upon consideration of Plaintiff's First Motion for Preliminary Injunction (Dkt No. 14), and Plaintiff's Response to this Court's Order to Show Cause, (Dkt No. 19), the Court finds Plaintiff's representations sufficient and it is hereby ORDERED that sanctions shall not issue at this time.[1]

---

[1] Plaintiff asserts that it did not make a *knowingly* false statement of law as required by Pa. R. of Prof. C. 3.3(a)(1) and therefore should not be subject to sanctions. Plaintiff states that "the purpose of Rule 3.3, according to the comments, is to punish lying to the court about material facts or hiding known adverse legal precedent, not to punish parties for incomplete, or even inaccurate, citations." (Resp. at 2.) Plaintiff does not cite to a specific comment and, in a thorough reading of the fifteen comments, the Court can find no support for this argument. Instead the Court turns to Comment 2, which specifically states that "the lawyer must not allow the tribunal to be misled by false statements of law."

In addition, Federal Rule of Civil Procedure 11(b)(3) requires that claims and legal contentions be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." A failure to include the complete legal basis for a filing makes it exceedingly difficult to ensure compliance with this Rule. Therefore, although it may not be strictly required that Plaintiff include complete and accurate citations, doing so will be more likely to ensure compliance with the rules.

The Court cannot stress enough the importance of providing accurate and complete statements of law. For example, Plaintiff relies on two consent decrees, which Plaintiff states require officials to engage in list maintenance procedures "to remove ineligible voters expressly including those are ineligible by reason of criminal conviction." (Resp. at 9-10.) But this statement is simply not true as to the first consent decree cited by Plaintiff. The consent decree in *American Civil Rights Union v. Clarke County, Miss., Election Commission*, No. 2:15-cv-101 (S.D. Miss. Nov. 25, 2015), never requires the officials to remove ineligible voters on the basis of disqualifying criminal convictions. Although the decree states that "Section 8 [of the NVRA] *allows* for the immediate removal of a voter from a registration list when the voter has . . . been convicted of a disqualifying crime," the decree only *requires* the removal of deceased voters and procedures for address verification. *Id.* (emphasis added).

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II        J.

---

As another example, Plaintiff initially argued in its Motion for Preliminary Injunction that the relief sought is urgent because "there are only 21 days to complete briefing, conduct argument, issue a decision and complete removal of ineligible felons prior to August 10, the beginning of the 90-day period." (Mot. at 5.) Without any recognition of its prior argument, Plaintiff now argues that "registrants who are ineligible to cast a ballot because of felony status are liable for immediate removal even inside the 90-day federal freeze window before an election." (Resp. at 7.) It is a violation of Pa. R. Prof. C. 3.3(a)(1) for a lawyer to knowingly "fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." The Court understands that mistakes happen, but Plaintiff is hereby on notice that it should proceed with caution and, in the event that any further errors are discovered, it should take immediate measures to rectify such errors before this Court.

The Court will take Plaintiff at its word and ascribe Plaintiff's inaccuracies and omissions to legal complexity. Plaintiff, however, is hereby on notice of the necessity of complying with Pa. R. Prof. C. 3.3 and Fed. R. Civ. P. 11(b)(3). The Court expects legal support for Plaintiff's legal contentions, pursuant to Fed. R. Civ. P. 11(b)(3), and it expects that legal support to be accurate in accordance with Pa. R. Prof. C. 3.3. Further failure to comply with applicable rules will result in sanctions.